UNITED STATES DISTRICT COURT       10 CIV 1681(PAC)(DAF)
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------

DYLAN G. JOHNSTON,
                Plaintiff
-against-

CARNEGIE CORPORATION OF NEW YORK,
ELLEN BLOOM, VARTAN GREGORIAN &
JEANNE D'ONOFRIO,
                Defendants
-------------------------------------------------



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-12-2010

Honorable Debra Freeman
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Defendants' September 23rd Objection via Fax

Defendants' council's recent objection has nothing to do with admissibility, they are simply discouraged that their clients' transgressions are indefensible when all the facts are considered. The information submitted was not disputed by the defendants' legal team because it is entirely factual. The consideration of fact, however, is what the defendants' council wrongly objects to.

Defendants object that I raised new issues. The issues in my response are not new. Defendants discuss the specifics of the termination contract in their motion to dismiss in June 2010 and in their subsequent letter dated August 2010. The information I submitted in response provides context, and addresses the essential problem of the document.

The fact that a staffing agency was used to fill my vacancy shortly after I was fired proves that my position was not being eliminated—which the defendants' state in the termination contract as their reason for firing me. The definition of pretense is a claim, made or implied, not supported by fact. The defendants fired me making a claim, in writing, that the position was being eliminated. The claim is not supported by fact, considering that I quickly replaced.

So there was a false pretense for my termination. My termination was illegal because the corporation used a false pretense to fire a person in a protected class immediately after protected speech. The contract was used for my termination. That being said, a contract used for an illegal purpose is void. Because the contract was used to violate the law, the contract used for my termination is void.

defendants explicitly stated a pretense *(termination contract p.1 pp.1 "as you have known for some time your position was being eliminated")* for the Corporation's firing me illegally. Defendants' council does not dispute this. The defendants composed a fraudulent contract, written with the intent to deceive. The defendants knew full well that work was still available in the investments office *(see initial filing p.27 pp3 & 4)* when they fired me after the disclosure of my disability and complaint against discrimination.

The additional information I provided about the Corporation using a staffing agency to find an employee to do my work shortly after I was terminated was not disputed by the defendants' council and has been objected to because it makes irrelevant the only argument that the defendants rely upon, the termination contract, which was used to facilitate an illegal action.

Defendants also suggested that I was unqualified for the position. Why then, would the CIO have asked me to work more for her a few short days before I was fired in January 2009? And why in late 2009 before the filing of my EEOC complaint, would a senior investments employee state in writing that the position was something I would have been suitable for? Why would a hire in the president's office that followed my termination be an intern who worked at the corporation less than I did?

It is no small wonder that the defendants' lawyers object to information that suggests that the defendants' contract is based on lies. Their arguments defending the corporation rely solely upon the contract. They do not defend against the facts and circumstances involving the firing, nor do they defend the actions of their clients which point to malfeasance, unethical behavior, and violations of federal and state law.

The defendants' legal team's defense is technical, not factual, and rests lazily upon one document. This document, and they do not want it to be known, is based on fraudulent claims. The defendants' council objects to the information I submitted simply because the facts are not in their favor.

Dylan G. Johnston, *Pro Se*
3904 S. Sequoia Ave.
Broken Arrow, OK 74011
918-845-8667

cc. Kaufman Borgeest & Ryan LLP
120 Broadway
New York, New York 10271
Fax: 212-980-9291

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DYLAN G. JOHNSTON

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

10 Civ 1681 (PAC) (DCF)

- against -

CARNEGIE CORPORATION OF NEW YORK, ET AL.

**AFFIRMATION OF SERVICE**

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

I, DYLAN JOHNSTON (name), declare under penalty of perjury that I have served a copy of the attached RESPONSE TO DEFENDANTS' SEPT 23rd OBJECTION (document you are serving) upon DEFENDANTS V/A KAUFMAN BORGEST BRYAN LLP (name of person served) whose address is 120 BROADWAY NEW YORK, NY 10271 (where you served document) by mail (how you served document: For example - personal delivery, mail, overnight express, etc.)

Dated: Broken Arrow (town/city), OK (state)

October (month) 07 (day), 20 10 (year)

Signature

Address: 3904 S. Segnora Ave

City, State: Broken Arrow, OK

Zip Code: 74011

Telephone Number: 918-845-8667

Rev. 05/2007